ALEX McDOWELL, complainant,

*v.*

MECHANICS' TRUST COMPANY OF NEW JERSEY, a New Jersey corporation, and WILLIAM H. KELLY, commissioner of banking and insurance of the State of New Jersey, defendants.

[Decided July 15th, 1935.]

*Mr. Nicholas J. Cafarelli,* for the complainant.

*Mr. John Milton,* for the defendant Mechanics' Trust Company.

*Mr. Louis J. Cohen,* for the defendant commissioner of banking and insurance.

EGAN, V. C.

The complainant, who holds mortgage participation certificates issued by the defendant company, seeks the appointment of a receiver or trustees for the defendant trust company. He, among other things, alleges that the certificates became past due, and that he has been unable to collect the moneys due him. He alleges that the trust company has defaulted in its obligation to its certificate holders and that it has contravened the express terms of its undertaking to certificate holders; that certificates were issued by it against

mortgages on unimproved real property contrary to law; that it has been conducting its business on a restricted basis since January 2d, 1934, on orders of the commissioner of banking and insurance based upon chapter 27, as amended by chapter 66 of the laws of 1933 (*N. J. Stat. Annual 1933 p. 25 § 17-73*); that it has been unable to reopen for unrestricted business because of its financial embarrassment; that it is unable to fulfill the guarantee set forth in the certificates.

Section 24 of "An act concerning trust companies (Revision of 1899)," (*4 Comp. Stat. p. 5663, § 24*), as amended by chapter 255 of the laws of 1931, page 641 (*N. J. Stat. Annual 1931 p. 525 § 221-24*), is as follows:

"Whenever any trust company shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, and the commissioner of banking and insurance shall have refused, upon the demand of any creditor or stockholder to take possession of the property and business of such trust company pursuant to section twenty-two of this act, the attorney-general, or any creditor or stockholder, may by petition or bill of complaint setting forth the facts and circumstances of the case, apply to the court of chancery for a writ of injunction and the appointment of a receiver or receivers or trustees, and the court being satisfied by affidavit or otherwise of the sufficiency of said application, and of the truth of the allegations contained in the petition or bill, and upon such notice, if any, as the court by order may direct, may proceed in a summary way to hear the affidavits, proofs and allegations which may be offered on behalf of the parties, and if upon such inquiry it shall appear to the court that the trust company has become insolvent and is not about to resume its business in a short time thereafter with safety to the public and advantage to the stockholders, it may issue an injunction to restrain such trust company and its officers and agents from exercising any of its privileges or franchises and from collecting or receiving any debts, or paying out, selling, assigning or transferring any of its estate, moneys, funds, lands, tenements or effects, except to a receiver appointed by the court, until the court shall otherwise order.

"This act shall take effect immediately and shall be applicable as well to trust companies whose property and business are now in the possession of the commissioner of banking and insurance as to all other cases."

Counsel for the defendant charges that the complainant failed in its specifications to bring the case within section 24 (*supra*) of the Trust Company act because (1) it does not allege that the trust company is insolvent; (2) it does not

allege that the trust company has suspended its ordinary business for want of funds to carry on the same; (3) it does not allege a demand upon the commissioner to take possession of the property and business of the trust company; (4) it does not allege that after demand made upon the commissioner, he refused to take possession; (5) nor does it allege that after demand made upon the commissioner, he failed to take possession of the property and business of the trust company within a reasonable time after such demand, which failure might possibly be construed to be a refusal under this section of the statute; and (6) the bill does not pray for an injunction contemplated by the statute.

I think there is merit in the defendant's contention. It was incumbent upon the complainant to show that these statutory requirements enumerated by the defendant in the last mentioned six points were observed. This he has not shown. The statute directs the procedure; the complainant failed to follow it; his failure is fatal to the success of his cause.

The affidavits of the defendant, in my opinion, meet the allegations in the bill and the affidavits attached thereto. Counsel for the defendant called attention to the fact that the affidavits of the complainant are based largely upon information. Of course, the law is quite clear that affidavits of that character carry no more weight and have no more efficacy than hearsay testimony would have at a hearing, or trial. The source of the information has not been disclosed. *Dorrian* v. *Davis, 105 N. J. Eq. 147; Township of Maplewood* v. *Margolis, 102 N. J. Eq. 467.*

The affidavit of Hunt, the comptroller of the trust company, appears to answer the allegations in the bills and the affidavits thereto attached; the same also can be said of the affidavit of Earl. The discrepancy in the two published bank reports is also accounted for and explained in the defendant's affidavits—one was published through mistake which was subsequently corrected by the second publication. *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299.*

I shall, therefore, advise an order denying the complainant's application or motion for a receiver or trustees.